UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIBBY ROAD, LLC**,<br>   Plaintiff,<br><br>  v.<br><br>**NORTHERN TRUST COMPANY**,<br>   Defendant. | Case No.  15-cv-00795-YGR<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND CONTINUING HEARING**<br><br>Re: Dkt. No. 8 |

The Court has considered the papers submitted in connection with the defendant's motion to dismiss. (Dkt. No. 8.) Having reviewed the arguments and authorities presented, the Court hereby **ORDERS** the parties to provide supplemental briefs (including relevant legal authority) on the following issues:

1. Whether the parties agree that in the context of this case, where the defendant was the beneficiary as to both liens in question, the defendant could *unilaterally* modify the respective priorities of those liens?
    a. If so, what were the proper mechanisms for doing so in the absence of a relevant third party to serve as counterparty to a subordination agreement?
2. Assuming for the sake of argument that the line of credit lien (and/or modifications thereto) was junior to the foreclosed lien at the time of initial recordation (or that the two liens had simultaneous priority):
    a. Did the defendant's April 1, 2014 notice of default (Dkt. No. 9-1 at 17) and/or December 31, 2014 notice of sale (Dkt. No. 9-1 at 24)—stating the line of credit lien was senior to the foreclosed lien—serve to (1) effectively modify the priority of the liens in the manner described above in Section 1(a), and (2) provide adequate notice thereof to plaintiff?

       i. If so, did the change in priority encompass the two recorded modifications to the line of credit lien even if those modifications were not specifically referenced in the notice of default and/or notice of sale?

3. As to plaintiffs' asserted causes of action, address the following issues:

    a. A claim for "equitable subordination" is alleged. Is this cause of action appropriate under California law, or was a claim for "equitable subrogation" intended? The Court notes that the former is typically found in the bankruptcy context. If "equitable subordination" is the intended cause of action, is it merely a remedy or a standalone cause of action?

    b. Whether "wrongful conduct" is in fact a necessary element in an action to quiet title. (The Court notes the defendant has cited a single case which addresses this issue in one sentence, but lacks any substantive discussion.)

       i. If it is, whether a complaint alleging a defendant is wrongly asserting a lien that was extinguished by virtue of the foreclosure of a senior lien has pled sufficient wrongful conduct to state a claim.

    c. Whether "Cancellation of Deed of Trust" pursuant to California Civil Code § 3412 is a standalone cause of action or merely a remedy in an action to quiet title or for declaratory relief such that the claim would be redundant.

Each party's supplemental brief shall not exceed **seven (7) pages** and shall be filed by **April 22, 2015**. The hearing set for April 21, 2015 is **CONTINUED** to **April 28, 2015** at 2 p.m.

**IT IS SO ORDERED.**

Dated: April 17, 2015

                                          _____
                                          YVONNE GONZALEZ ROGERS
                                       UNITED STATES DISTRICT COURT JUDGE